# MATTHEW McCLURKEN

*v.*

# JOHN E. DETRICH *et al.*

1. BETTING ON ELECTIONS — *what elections are embraced within the statute.* The voting of electors of this State for a president of the United States, is an election held under the laws of this State; and a bet or wager as to the result of such vote, is a wager on the result of an election under the statute.

2. SPECIFIC PERFORMANCE — *where the consideration is a wager upon an election.* It seems, a court of equity will not decree the specific performance of a contract, the consideration of which is a wager upon an election held under the laws of this State.

WRIT OF ERROR to the Circuit Court of Randolph county, the Hon. SILAS L. BRYAN, Judge, presiding.

Matthew McClurken exhibited his bill in chancery in the court below, against John E. Detrich and Andrew Bardus, to enforce the specific performance of a contract to assign certain shares of stock in the "Sparta Steam Flouring Mill Company," the consideration of the contract being a wager between the parties, whether the electoral vote of this State would be cast for Abraham Lincoln or Stephen A. Douglas for president of the United States.

Upon a hearing in the court below,-the bill was dismissed, and the complainant brings the case here by writ of error, the cause being removed from the First Grand Division into the Second Grand Division, by agreement.

The question presented upon the record is, whether the voting of presidential electors of this State for a president of the United States, is an election held under the laws of this State, and within the statute, forbidding any wager upon the result of any election held under the laws of this State.

Mr. J. B. UNDERWOOD, for the plaintiff in error, insisted such an election was not an election held under the laws of this State, but under the Constitution of the United States. Const. U. S. Art. II, §§ 2, 3, and Amendment, Art. XII.

Nor was it against good morals or public policy. 1 Term, 57; 1 Lev. 33; *Jones* v. *Randall*, Cowp. 37; 3 Kent Com. 277; 6 Cow. 318; 3 Caines, 141; 4 Har. & McHen. 284; 3 Scam. 529.

Messrs. UNDERWOOD & NOETLING, for the defendants in error.

1. A wager on the result of the electoral vote for president of the United States in this State is void, as against public policy by the common law. It would lead to the exercise of an undue influence over or corruption of the electors chosen, and fraud in election returns, &c. *Allen* v. *Hearne*, 1 Term, 57; *Bunn* v. *Riker*, 4 Johns. 426; *Bush* v. *Keeler*, 5 Wend. 250; *Morgan* v. *Pettit*, 3 Scam. 531; 16 Serg. & Rawle, 147; *Gordon* v. *Casey*, 23 Ill. 71; *Stephens* v. *Sharp*, 26 id. 404.

2. This wager is also void under our statute, 23 Ill. 71, 72; 26 id. 404.

3. A bill for specific performance to compel transfer of stock of a corporation will not lie unless there be some peculiar reason. 2 Pars. Con. 528, 529, ed. of 1857; 2 Kent, 487, n. *d.* '

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed for the specific performance of a wager on the electoral vote of this State at the presidential election in 1860. The bill alleges, and the answer admits, that Bardus authorized Detrich to assign and transfer to plaintiff in error twenty shares of stock held by Bardus in the "Sparta Steam Flouring Mill Company," in the event that the electoral vote of Illinois should be cast for Abraham Lincoln, for president of the United States, and that on the 4th day of December, 1860, the electoral vote was cast for him. A demand of the transfer of the shares of stock was made and refused. The consideration for the agreement was, that if Stephen A. Douglas received the electoral vote of the State, plaintiff in error was to transfer to Bardus a like number of shares of stock in the same company. On the hearing the court below dismissed the bill, and decreed the payment of the costs by plaintiff in error. He brings the cause to this court, and urges a reversal of that decree.

It will be perceived that the question presented is, whether this wager is prohibited by the statute against betting on elections; and if not, whether it contravenes good morals and sound policy. If it is prohibited by either, then the court must leave the parties where it finds them. It is enacted by the fifty-second section of the act regulating elections (R. S. 224), that if any person shall bet or wager any money or valuable thing upon the result of any election held under the Constitution or laws of this State, or shall so bet or wager upon the number of votes which may be given to any one or more persons at any election held as aforesaid, or upon who will receive the greatest number of votes at any election, such person shall be liable to indictment, and upon conviction shall be fined any sum not exceeding one thousand dollars.

This was clearly a bet, on one side, that Mr. Lincoln would receive the whole number of the electoral votes in this State, and, on the other, that Mr. Douglas would receive them. This, then, was a bet upon the result of the electoral vote of this State. If, then, this election was held under the Constitution or laws of this State, it falls within the prohibition of the first clause of that section. The first three sections of the election law of 1845, provide for the choice of electors to vote for president and vice president of the United States; also for the return of the canvass of the vote, the granting of certificates of election to the candidates for electors. The fourth section provides that the electors who shall be chosen shall meet at the seat of government of the State, at the time appointed by the United States, and give their votes in the mode therein provided, and to perform such duties as may be required by law. This is manifestly an election by the persons chosen by the people to cast the electoral vote of the State, and it is required to be held by the laws of this State. And when they voted for Mr. Lincoln, that was the result of that election. We have seen that this election was held under the laws of this State, and this was a bet upon the result of that election, and was prohibited by the law. See *Gordon* v. *Casey*, 23 Ill. 71; and *Stephens* v. *Sharpe*, 26 id. 404. This wager being in contravention of this positive enactment, the court did right in dismissing the bill, and the decree must be affirmed.

*Decree affirmed.*